# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43194

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 512 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CODY PORTER RADFORD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion to suppress, affirmed; judgment of conviction and sentence of three and one-half years, with a minimum period of confinement of one year, for felony reckless driving, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Cody Porter Radford appeals from the district court's order denying his motion to suppress evidence found after a traffic stop. Radford also challenges his sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While driving on the interstate, a witness observed a black Kia SUV traveling in the same direction, swerving in and out of traffic lanes. After the SUV nearly hit the cement median several times, the witness dialed 911 from his cell phone. As he was driving, the witness continued watching the SUV and relayed his observations to the dispatcher over the phone. Based on the information provided by the witness to the dispatcher, Officer Johnson was able to spot the black SUV on the interstate. He observed the car "kicking up a lot of dust," and he

1

advised dispatch of the vehicle's location. Based on the witness's and officer's observations, Corporal Branch was able to locate the black Kia SUV and initiate a traffic stop.

Once Corporal Branch made contact with Radford, the driver of the SUV, Corporal Branch noticed Radford's eyes were red and watery. Suspecting that Radford's driving might be impaired, Corporal Branch performed field sobriety tests on Radford, which he passed. Corporal Branch then spoke on the phone with the witness regarding his observations of the vehicle. Corporal Branch then arrested Radford for reckless driving. While performing an inventory search, Corporal Branch found marijuana and a metal container with two needles inside. The State charged Radford with trafficking in marijuana, Idaho Code § 37-2732B(a)(1); possession of a controlled substance, I.C. § 37-2734A(1); possession of drug paraphernalia, I.C. § 37-2734A(1); and reckless driving, I.C. § 49-1401(1). Radford filed a motion to suppress, asserting that the traffic stop and arrest were unlawful. The district court denied the motion. Radford entered a conditional guilty plea to an amended charge of possession of marijuana with intent to deliver, reserving his right to appeal the denial of his suppression motion. The state dismissed the remaining charges. The district court sentenced Radford to a unified three and one-half-year sentence, with one year determinate. Radford timely appeals.

## II.

## ANALYSIS

### A. Motion to Suppress

Radford first contends that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

In his motion to suppress, Radford first contended that the stop was unlawful because it was not supported by reasonable suspicion. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable

2

searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Officers may rely on a 911 caller's report of dangerous driving in evaluating whether there is reasonable suspicion to stop a vehicle. *See Navarette v. California*, ___ U.S. ___, 134 S. Ct. 1683 (2014). In *Navarette*, an anonymous 911 caller reported that another driver had run her off the road and provided the dispatcher with the location of the incident as well as the vehicle's description and license plate number. *Id.* at ___, 134 S. Ct. at 1686-87. Shortly thereafter, an officer located the described vehicle near the location of the incident. *Id.* at ___, 134 S. Ct. at 1689. The Supreme Court held that the contemporaneous eyewitness account by the 911 caller, which was corroborated by the officer's ability to locate the vehicle, established reasonable suspicion of drunk driving when viewed objectively from the perspective of a reasonable police officer. *Id.*

Here, the 911 caller was contemporaneously informing the dispatcher about his observations of the vehicle as he witnessed it being driven. He described the vehicle as repeatedly swerving outside the lanes of traffic, nearly hitting the cement median wall on several occasions. Officers were then able to locate the vehicle based upon the caller's description of the vehicle and its location. Just as the Court in *Navarette* held that the contemporaneous eyewitness account of dangerous driving, combined with police corroboration in locating the vehicle, was enough to establish reasonable suspicion of drunk driving to justify a traffic stop, the eyewitness account and corroboration by Officer Johnson and Corporal Branch was enough to establish reasonable suspicion of Radford's unlawful driving to justify a traffic stop of Radford. Thus, the

district court did not err in finding the stop was supported by reasonable suspicion based upon the totality of the circumstances.

In his motion to suppress, Radford also asserted that the warrantless arrest was not supported by probable cause. A warrantless arrest is lawful if the arresting officer has probable cause to believe the arrestee has committed a public offense in his presence or has committed a felony not in his presence. I.C. § 19-603. Additionally, "[t]he authority to make an arrest is the same as upon an arrest for a felony when any person is charged with . . . [r]eckless driving." I.C. § 49-1405(1)(f). Reckless driving is defined as operating a vehicle "carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property. . . ." I.C. § 49-1401(1). Probable cause requires the officer to possess information that would lead a person of "ordinary care and prudence to believe or entertain an honest and strong suspicion that such person is guilty." *State v. Alger*, 100 Idaho 675, 677, 603 P.2d 1009, 1011 (1979).

Here, the officer did not see Radford's erratic driving. However, the 911 caller's description of witnessed events to the dispatcher was sufficient to establish an honest and strong suspicion that Radford was guilty of driving recklessly. Radford's conduct of swerving outside of traffic lanes and nearly hitting the cement median wall was likely to endanger himself, other individuals, or property. Therefore, the district court did not err in finding the officer had probable cause that Radford committed the crime of reckless driving to justify a warrantless arrest. Thus, because the officer had reasonable suspicion to justify the traffic stop and probable cause to justify the arrest, the district court did not err in denying Radford's motion to suppress.

## B. Sentence

Radford next contends that his sentence is excessive in light of the mitigating evidence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence,

rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, when sentencing Radford, the district court considered the *Toohill* factors, finding that Radford displayed an "incredible disrespect for the law." The court also considered Radford's previous criminal history, acknowledging that Radford had been granted numerous chances to show respect for the law. The court imposed a unified sentence of three and one-half years, with one year determinate. Upon review of the record in this case, including the mitigating factors, we cannot say that Radford's sentence is unreasonable. Therefore, the district court did not abuse its discretion.

## III.

## CONCLUSION

The district court did not err in denying Radford's motion to suppress. Corporal Branch had reasonable suspicion to justify stopping Radford's vehicle based on the corroborated 911 witness testimony and to justify the arrest based upon the witness's observation that Radford was driving recklessly. Additionally, the district court did not abuse its discretion in imposing sentence. Accordingly, we affirm both the order denying the motion to suppress and the judgment of conviction and sentence.

Judge GRATTON and Judge HUSKEY **CONCUR**.